IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Action No.: 1:23-CV-273

| | |
|---|---|
| DAMON E. BIDDLE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GRAIN TECHNOLOGY, INC., EQUIFAX ) <br> INFORMATION SERVICES, LLC, and ) <br> TRANSUNION, LLC, ) <br> ) <br> Defendants. ) <br> ) | **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW comes DAMON E. BIDDLE ("Plaintiff"), by and through the undersigned, complaining as to the conduct of GRAIN TECHNOLOGY, INC. ("Grain"), EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), and TRANSUNION, LLC ("TransUnion") (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages under the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. § 1681 *et seq.*, stemming from Defendants' unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FCRA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1681, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendants conduct business, and a substantial portion of the events or omissions giving rise to the claims occurred, within the Western District of North Carolina.

4. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

**PARTIES**

5. Plaintiff is a consumer over-the-age of 18 and residing in Marion, North Carolina, within the Western District of North Carolina.

6. Grain is engaged in the business of offering a revolving line of credit to consumers across the country, including to those in the state of North Carolina. Defendant is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 2108 N Street, Suite N, Sacramento, California 95816.

7. Equifax is regularly engaged in the business of assembling and evaluating information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties inquiring about a consumer's credit worthiness, credit standing, and credit capacity for consumers across the country, including those in the state of North Carolina. Equifax is a limited liability company organized and existing under the laws of the state of Georgia with its principal place of business located at 1550 Peachtree Street NW, Atlanta, Georgia 30309.

8. TransUnion is regularly engaged in the business of assembling and evaluating information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties inquiring about a consumer's credit worthiness, credit standing, and credit capacity for consumers across the country, including those in the state of North Carolina. TransUnion is a

limited liability company organized and existing under the laws of the state of Delaware with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

9. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSE OF ACTION

10. Prior to conduct giving rise to the claims herein, Plaintiff obtained a revolving line of credit ("subject consumer debt") from Defendant, which was accessible through a phone app.

11. Subsequently, in or about the year 2022, Defendant locked Plaintiff and countless others consumers out of its app.

12. Plaintiff inquired into how he could make payments on the subject consumer debt, but he was directed back to the app that would not allow him to make payments.

13. Grain provided no other avenues for consumers to pay on their accounts with Grain.

14. On Grain's website, Grain only instructs consumers to pay on their accounts through its app.

15. According to online reviews and comments, the app has not properly functioned for many of Grain's customers.

16. Thereafter, Grain began reporting the subject consumer debt as delinquent on Plaintiff's TransUnion and Equifax credit reports.

17. As a result, on or about February 1, 2023, Plaintiff sent written dispute letters to TransUnion, Equifax, and Grain disputing the subject consumer debt, providing identifying documentation, and providing relevant information clearly showing that the subject consumer debt

3

was being reported inaccurately due to Grain not accepting payments for the subject consumer debt, by any means.

18. Based upon information and belief, TransUnion and Equifax received Plaintiff's dispute letters by February 3, 2023.

19. Upon information and belief, Grain received notice of Plaintiff's disputes within five days of Plaintiff initiating the disputes with TransUnion and Equifax. See 15 U.S. Code § 1681i(a)(2).

20. Nonetheless, on or about March 19, 2023, the subject consumer debt was still being reported on Plaintiff's Equifax and TransUnion credit reports, with negative references to the subject consumer debt.

21. Defendants failed to reasonably investigate Plaintiff's disputes within 30 days. Specifically, Defendants never provided any response to Plaintiff's disputes despite being provided clear information that the subject consumer debt was being reported inaccurately. Rather than conduct a reasonable investigation into Plaintiff's disputes, Defendants simply continued to report the subject consumer debt inaccurately.

22. Despite having actual knowledge that Plaintiff was not responsible for the delinquent payments for the subject consumer debt and after receiving Plaintiff's disputes, Grain continued to report the subject consumer debt as delinquent to TransUnion and Equifax.

23. Likewise, despite having actual knowledge that the subject consumer debt was being reported inaccurately after receiving Plaintiff's disputes, TransUnion and Equifax continued to report the subject consumer debt with the negative information that should have been completely removed from Plaintiff's credit file.

24. The reporting of the subject consumer debt is patently inaccurate and materially misleading because Plaintiff had no ability to pay on the subject consumer debt solely because Grain had locked countless consumers out of the app it uses.

### IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE

25. The erroneous reporting of the subject consumer debt paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the subject consumer debt has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff cannot honor his financial obligations and is thus a high-risk consumer, when in reality the entire situation was created by Grain's acts and omissions.

26. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to obtain financing and/or credit opportunities, refinance his home, and to regain a firm foothold on his creditworthiness, credit standing, and credit capacity.

27. As a result of the conduct, actions, and inactions of Defendants, Plaintiff has suffered various types of damages and out-of-pocket expenses as set forth herein, including the loss of credit opportunity, a decreased credit score, loss time tracking the status of his disputes, loss time monitoring his credit files, denial of credit applications, and mental and emotional pain and suffering.

28. Due to the conduct of Defendants, Plaintiff was forced to retain counsel to correct the inaccuracies in his TransUnion and Equifax credit files.

### COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
*AGAINST GRAIN*

29. Plaintiff restates and reallages paragraphs 1 through 28 as though fully set forth herein.

30. Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(b) and 1681a(c).

31. Grain is a "person" as defined by 15 U.S.C. § 1681a(b).

32. Grain is a "furnisher of information" as defined by 15 U.S.C. § 1681s-2.

33. At all times relevant, the above-mentioned credit reports were "consumer reports" as the term is defined by § 1681a(d)(1).

34. Grain violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from TransUnion, Equifax, and Plaintiff.

35. Notwithstanding Grain's actual knowledge that Plaintiff was not responsible for the subject consumer debt's late payments, Grain failed to conduct a reasonable investigation of the accuracy of the disputed information it furnished to TransUnion and Equifax.

36. Grain's conduct demonstrates a reckless disregard for Plaintiff's rights under the FCRA.

37. Grain violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information, provided by TransUnion, Equifax, and Plaintiff, pursuant to 15 U.S.C. § 1681i(a)(2).

38. Had Grain reviewed the information provided by TransUnion, Equifax, and Plaintiff, it would have corrected the inaccurate designation of the subject consumer debt, transmitted the correct information to TransUnion and Equifax, and similarly ensured that it did not continue to engage in inaccurate credit reporting regarding the subject consumer debt. Instead, Grain wrongfully and erroneously confirmed its inaccurate reporting and/or persisted with reporting the subject consumer debt inaccurately to TransUnion and Equifax, without conducting a reasonable investigation.

39. Grain violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiff's disputes with TransUnion and Equifax.

40. Grain violated 15 U.S.C. § 1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to TransUnion after being put on notice and discovering inaccurate and misleading reporting with respect to the subject account.

41. Grain violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information in Plaintiff's TransUnion credit file.

42. Grain had more than information, both provided directly by Plaintiff, as well as the information provided by TransUnion, to determine that it was inaccurately causing the subject account to be reported on Plaintiff's credit; yet Grain persisted in allowing the subject account to be reported in an inaccurate manner on Plaintiff's TransUnion credit report.

43. Grain failed to conduct a reasonable investigation of its reporting of the subject accounts or delete the inaccurate information from Plaintiff's TransUnion credit file within 30 days of receiving notice of the disputes from TransUnion under 15 U.S.C. § 1681i(a)(1).

44. Despite the blatantly obvious errors in Plaintiff's TransUnion credit files, and Plaintiff's efforts to correct the errors, Grain allowed the inaccurate reporting to persist. As such, Grain wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiff's dispute to one or more third parties.

45. A reasonable investigation by Texas Trust would have confirmed the veracity of Plaintiff's disputes, yet the inaccurate information remains in Plaintiff's TransUnion credit files.

46. Had Grain taken steps to investigate Plaintiff's valid disputes or TransUnion's requests for investigation, it would have permanently corrected the erroneous and misleading credit reporting and ceased continuing to report the subject account in an inaccurate manner.

47. By deviating from the standards established by the debt collection industry and the FCRA, Grain acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to TransUnion.

WHEREFORE, Plaintiff, DAMON E. BIDDLE, respectfully requests that this Honorable Court enter judgment in his favor, as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes;

b. Ordering Grain to immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files and further restraining Grain from continuing to report the subject consumer debt inaccurately;

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Awarding Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. § 1681n;

e. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §§ 1681n and 1681o;

f. Awarding Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §§ 1681n and 1681o; and

g. Awarding Plaintiff any other relief that this Honorable Court deems just and appropriate.

### COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
*AGAINST EQUIFAX AND TRANSUNION*

48. Plaintiff restates and realleges paragraphs 1 through 28 as though fully set forth herein.

49. Equifax and TransUnion are each a "consumer reporting agency" ("CRA") as defined by 15 U.S.C. § 1681a(f).

50. Equifax and TransUnion are each a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

51. At all times relevant, the above-referenced credit reports were "consumer reports" as that term is defined by § 1681a(d).

52. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. § 1681a(c).

### a. Violations of 15 U.S.C. § 1681e(b)

53. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

54. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

55. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information or delete the item within 30 days of receiving the dispute. 15 U.S.C. § 1681i(a)(1)(A).

56. Plaintiff provided Defendants with all relevant information in his request for investigation to reflect that the subject consumer debt was being reported inaccurately.

57. Defendants nevertheless prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the subject consumer debt on Plaintiff's credit report notwithstanding his disputes, when in fact the subject consumer debt's late payments should have been removed from his credit report altogether.

58. Defendants further failed to reasonably investigate Plaintiff's dispute, as they patently failed to respond to Plaintiff's disputes within the timeframe required by the FCRA.

59. Equifax and TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Equifax and TransUnion have prepared patently false and materially misleading consumer reports concerning Plaintiff by its allowance of the reporting of the subject consumer debt's late payments on Plaintiff's credit report to persist.

60. Equifax and TransUnion knew that the inaccurate information contained in Plaintiff's credit file did not belong to him after Plaintiff put Equifax and TransUnion on notice that the subject consumer debt's late payments were not his fault.

61. Equifax and TransUnion had no reasonable procedures to ensure that the subject consumer debt was being reported accurately. The absence of such reasonable procedures is evinced through Equifax and TransUnion's complete failure to respond to Plaintiff's disputes.

62. By deviating from the standards established by the credit reporting industry and the FCRA, Equifax and TransUnion acted with reckless disregard for its duties to report accurate and complete consumer credit information.

63. Despite actual knowledge that Plaintiff was not responsible for the subject consumer debt's late payments, Equifax and TransUnion readily sold false reports to one or more third parties, thereby painting a false and damaging picture of Plaintiff.

64. Equifax's failure to respond and refusal to correct patently false and materially misleading information as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff and consumers in general.

65. As demonstrated by the facts, Equifax and TransUnion's conduct was willful and wanton and displayed a reckless disregard of the rights of Plaintiff.

66. As stated above, Plaintiff was severely harmed by Equifax and TransUnion's conduct.

### b. Violations of 15 U.S.C. § 1681i- § 1681g

67. The FCRA mandates that a CRA conduct an investigation of the accuracy of information "[i]f the completeness or accuracy of any item of information contained in a consumer's file is disputed by the consumer." *See* 15 U.S.C. § 1681i(a)(1). The Act imposes a 30-day time limitation for the completion of such an investigation. *Id*.

68. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that item of information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

69. Equifax and TransUnion violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was accurate, to record the current status of the disputed information, and to subsequently delete or correct the information on Plaintiff's credit file

70. Through his dispute, Plaintiff provided Equifax and TransUnion with indisputable evidence that he was not responsible for the subject consumer debt's late payments.

71. Had Equifax and TransUnion conducted any investigation, it would have updated Plaintiff's consumer file and removed all erroneous information, including the subject consumer debt's late payments – however, they failed to respond to Plaintiff's disputes.

72. Had Equifax and TransUnion taken any steps to investigate Plaintiff's valid disputes, they would have determined that Plaintiff indeed was not responsible for the subject consumer debt's late payments.

73. Equifax and TransUnion violated 15 U.S.C. § 1681i(a)(2) by failing to provide notification of Plaintiff's disputes to Grain. Upon information and belief, Equifax and TransUnion failed to send all relevant information submitted by Plaintiff to Grain.

74. Equifax and TransUnion violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff regarding his disputes of the inaccurate information.

75. Had Equifax and TransUnion reviewed the documents submitted by Plaintiff, it would have been impossible for Equifax or TransUnion to persist in its reporting of the Grain tradeline.

76. Equifax and TransUnion violated 15 U.S.C. § 1681i(a)(5) by failing to delete or modify the incorrect information that was the subject of Plaintiff's disputes.

77. Equifax and TransUnion violated 15 U.S.C. § 1681i(a)(5)(B) by reporting disputed information without certification from Grain that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

78. Equifax and TransUnion violated 15 U.S.C. § 1681i(c) by failing to note Plaintiff's disputes on the tradelines in subsequent consumer reports.

79. Equifax and TransUnion violated 15 U.S.C. § 1681g(a)(1) by failing to completely and accurately disclose to Plaintiff all the information in Plaintiff's credit file when Plaintiff tried to access his Equifax and TransUnion credit report so Plaintiff can evaluate his file for inaccuracies.

80. Defendants knew that the inaccurate reporting of the subject consumer debt in Plaintiff's credit files under the Grain trade line would have a significant adverse impact on Plaintiff's credit worthiness and his ability to receive financing and/or credit opportunities.

81. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

82. Despite actual knowledge that Plaintiff's credit files contained erroneous information, Equifax and TransUnion readily sold Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

83. By deviating from the standards established by the credit reporting industry and the FCRA, Equifax and TransUnion acted with a reckless disregard for their duties to report accurate and complete consumer credit information.

84. It is Equifax and TransUnion's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

85. Equifax and TransUnion's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting his credit information accurately.

86. Equifax and TransUnion acted reprehensively and carelessly by reporting and re-reporting the subject consumer debt on Plaintiff's credit reports after Plaintiff notified Defendants of the inaccurate nature of such information.

87. Equifax and TransUnion have exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

88. Upon information and belief, Equifax and TransUnion do not conduct independent investigations into consumer disputes, if any such investigations are engaged in at all.

89. As stated above, Plaintiff was severely harmed by Equifax and TransUnion's conduct.

WHEREFORE, Plaintiff, DAMON E. BIDDLE, respectfully requests that this Honorable Court enter judgment in his favor, as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes;

b. Ordering Equifax to immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files and further restraining Equifax from continuing to report the subject consumer debt inaccurately;

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Awarding Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. § 1681n;

e. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §§ 1681n and 1681o;

f. Awarding Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §§ 1681n and 1681o; and

g. Awarding Plaintiff any other relief that this Honorable Court deems just and appropriate.

Respectfully submitted, this the 22nd day of September, 2023.

BY: /s/ Matthew R. Gambale
MATTHEW R. GAMBALE
N.C. Bar No. 43359
OSBORN GAMBALE BECKLEY & BUDD PLLC
721 W. Morgan Street
Raleigh, North Carolina 27603
matt@counselcarolina.com
T: 919.373.6422
F: 919.578.3733
*Counsel for Plaintiff*