IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23 CV 273 MR WCM

| | |
|---|---|
| DAMON E. BIDDLE,<br><br>Plaintiff,<br><br>v.<br><br>GRAIN TECHNOLOGY, INC.;<br>EQUIFAX INFORMATION<br>SERVICES, LLC; and<br>TRANSUNION, LLC,<br><br>Defendants. | MEMORANDUM AND<br>RECOMMENDATION |

This matter is before the Court on Defendant Equifax Information Services LLC's Rule 12(b)(6) Motion to Dismiss (Doc. 18), which has been referred to the undersigned for the entry of a recommendation.

I. Relevant Procedural Background

On September 22, 2023, Plaintiff filed his Complaint in this matter, naming Grain Technology, Inc. ("Grain Technology"), Equifax Information Services, LLC ("Equifax"), and TransUnion, LLC ("TransUnion") as defendants. Doc 1.

Grain Technology and TransUnion answered on November 28, 2023. Docs. 8, 10.

On December 20, 2023, Equifax filed the Motion to Dismiss. Plaintiff

responded and Equifax replied. Docs. 21, 23.

## II. Plaintiff's Allegations and Claims

Plaintiff alleges that he obtained a revolving line of credit from Grain Technology and that the line of credit was accessible through a phone application (the "App"). Doc. 1 at ¶ 10.

"[I]n or about the year 2022," Grain Technology "locked Plaintiff and countless others" out of the App. Id. at ¶ 11.

Plaintiff inquired as to how he could make payments on his debt (the "Debt") but was directed back to the App, which would not allow him to make payments. Id. ¶ 12. Grain Technology provided no other way for its customers to make payment on their accounts other than through the App. Id. at ¶¶ 13, 14.

Subsequently, Grain Technology began reporting the Debt "as delinquent on Plaintiff's TransUnion and Equifax credit reports." Id. at ¶ 16.

On or about February 1, 2023, Plaintiff sent written dispute letters to Defendants disputing the Debt, providing identifying documentation, and "providing relevant information clearly showing that the subject consumer debt was being reported inaccurately due to [Grain Technology] not accepting payments for the subject consumer debt, by any means." Id. at ¶ 17.

Nonetheless, on or about March 19, 2023, the Debt was still being reported on Plaintiff's Equifax and TransUnion credit reports. Id. at ¶ 20.

2

Plaintiff alleges that this situation "has had a significant adverse impact on [his] credit rating and creditworthiness because it misleads creditors into believing that Plaintiff cannot honor his financial obligations and is thus a high-risk consumer." Id. at ¶ 25.

Plaintiff's Complaint contains a claim for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (the "FCRA") against Grain Technology and a separate claim for violation of the FCRA against Equifax and TransUnion.

III. Legal Standard

When considering a motion made pursuant to Rule 12(b)(6), the court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009).

The court, however, is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Consumeraffairs.com, 591 F.3d at 255; see Giacomelli, 588 F.3d at 192. That is, while "detailed factual allegations" are not required, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when

3

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); accord Consumeraffairs.com, 591 F.3d at 255. In short, the well-pled factual allegations must move a plaintiff's claim from conceivable to plausible. Twombly, 550 U.S. at 570; Consumeraffairs.com, 591 F.3d at 256.

IV. Discussion

Plaintiff alleges that Equifax is a "consumer reporting agency" ("CRA") as defined by the FCRA, Doc. 1 at ¶ 48 (citing 15 U.S.C. 1681a(f)), and he asserts a claim against Equifax for violations of Sections 1681e(b) and 1681i of the FCRA. Doc. 1 at ¶¶ 48-89 (citing 15 U.S.C. §§ 1681e(b) and 1681i).[1]

Section 1681e(b) requires a CRA to follow "reasonable procedures to assure maximum possible accuracy of the information" that the CRA reports regarding a consumer. Section 1681i provides that, generally, when "the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer" and the consumer notifies the CRA, the CRA must "conduct a reasonable

---

[1] Plaintiff also asserts that Equifax violated 15 U.S.C. § 1681g, because Equifax failed to "completely and accurately disclose to Plaintiff all the information in Plaintiff's credit file when Plaintiff tried to access his Equifax…credit report so Plaintiff [could] evaluate his file for inaccuracies." Doc. 1 at ¶ 79. Plaintiff's Complaint, though, does not include any factual allegations supporting this claim.

4

reinvestigation to determine whether the disputed information is inaccurate" within 30 days. See 15 U.S.C. § 1681i(a)(1)(A).

To state a claim under either Section 1681e(b) and 1681i of the FCRA, a plaintiff must plead that there is an "inaccuracy" in his or her credit report or credit file. See Horne v. Experian Services Corp., No. 3:23-CV-00A388-FDW-SCR, 2024 WL 131377, at *2 (W.D.N.C. Jan. 11, 2024) (explaining that a plaintiff must "plead—and ultimately prove—an inaccuracy in her credit report or credit file" and finding plaintiff did not have a valid claim under either § 1681(i) or § 1681e(b) because she had failed to plead an inaccuracy sufficiently) (citing Dalton v. Capital Associated Indus., Inc., 257 F.3d 409, 415 (4th Cir. 2001); Perry v. Toyota Motor Credit Corp., No. 1:18CV34, 2019 WL 332813, at *4 (W.D. Va. Jan. 25, 2019) ("[A]s under § 1681e(b), a consumer alleging a violation of § 1681i 'must first show that his credit file contains inaccurate or incomplete information.'"); see also Eric Keller v. Experian Information Solutions, Inc., No. 1:23CV409, 2024 WL 1349607, at *5 (M.D.N.C. Mar. 30, 2024) ("To state a claim under § 1681i, a consumer must first show that his or her credit file contains inaccurate or incomplete information.").

Here, Plaintiff alleges that the reporting of the Debt by Equifax was "patently inaccurate and materially misleading because Plaintiff had no ability to pay on the subject consumer debt solely because [Grain Technology] had locked countless consumers out of the [App]...." Doc. 1 at ¶ 24. By its Motion,

5

Equifax argues that Plaintiff has failed to describe a factual inaccuracy in Equifax's reporting of his Debt and, therefore, has failed to state a claim for violation of the FCRA.

"A report is inaccurate when it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to [have an] adverse effect." Dalton, 257 F.3d at 415 (4th Cir. 2001) (alteration in original) (internal quotation marks and additional alteration omitted); Saunders v. Branch Banking and Trust Co. of VA, 526 F.3d 142, 148 (4th Cir. 2008) ("a consumer report that contains technically accurate information may be deemed 'inaccurate' if the statement is presented in such a way that it creates a misleading impression.").

"Critically, '[a] legal dispute on the underlying debt is a collateral attack on the credit report and is insufficient to sustain a FCRA claim.'" Roberts v. Carter-Young, Inc., No. 1:22cv1114, 2023 WL 4366059, at *4 (M.D.N.C. July 6, 2023), report and recommendation adopted, 2023 WL 7924174 (M.D.N.C. Aug. 10, 2023) (quoting Wilson v. Chrysler Cap., No. 19-CV-975, 2019 WL 12107374, at *3 (M.D.N.C. Nov. 14, 2019)). "Put another way, 'a plaintiff's allegations of inaccurate reporting must dispute facts underlying the reporting rather than present legal defenses to paying the debt at issue.'" Id. (quoting Perry v. Toyota Motor Credit Corp., No. 1:18-CV-34, 2019 WL 332813, at *7 (W.D. Va. Jan. 25, 2019)); see also Jones v. City Plaza, LLC, 1:19CV924, 2020 WL 2062325, at *4

6

(M.D.N.C. April 29, 2020) ("[C]laiming a factual inaccuracy is different than asserting a legal challenge to the debt."); Keller, 20204 WL 1349607, at *4 ("courts have made clear that claiming a factual inaccuracy is different than asserting a legal challenge to the debt.") (citing Jones, 2020 WL 2062325, at *4); Perry, 2019 WL 332813, at *5 (stating that "a number of courts have found that…'a complaint's allegations must dispute facts underlying a purported inaccuracy, as the presentation of legal defenses to payment will not suffice'") (quoting Mamisay v. Experian Info. Sols., Inc., Case No. 16-cv-05684-YGR, 2017 WL 1065170, at * 3 (N.D. Cal. Mar. 21, 2017)).

Here, Plaintiff does not contend that the Debt has been paid; he concedes that it remains outstanding. Rather, Plaintiff alleges that the malfunctioning of the App, and Grain Technology's unwillingness to accept payments through any method other than by means of the App, prevented him from paying the Debt. That is, Plaintiff does not identify a purported factual inaccuracy with Equifax's reporting of the Debt but instead raises a legal argument as to why he should not be responsible for paying all or part of the Debt itself. Because Plaintiff's claim against Equifax constitutes a collateral attack on the validity of the Debt, it fails to state a claim for violation of the FCRA. See Keller, 2024 WL 1349607, at *6 (dismissing Section 1681i claim against CRA where plaintiff argued that he alleged sufficient facts demonstrating CRA's inaccurate reporting because plaintiff tendered payments to Truist Bank but

the payments were rejected); Perry, 2019 WL 332813, at *5 ("Here, Perry's claims against Experian do not dispute any facts underlying Experian's allegedly inaccurate reporting of his Toyota account as due and owing, with a past-due balance — Perry admits that he stopped making payments on the debt after January 2017. Rather, his claims present a legal defense to payment — he is not liable for the lease he assumed because he did not reaffirm it, and thus it was included in his bankruptcy discharge.").

V. Recommendation

For the reasons set out herein, the undersigned **RESPECTFULLY RECOMMENDS** that Defendant Equifax Information Services LLC's Rule 12(b)(6) Motion to Dismiss (Doc. 18) be **GRANTED** and Plaintiff's claim against Equifax be **DISMISSED**.

Signed: April 17, 2024

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).